UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CODY HARRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-01014-HEA |
| | ) | |
| FBI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Cody Harry for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 12(h)(3); and 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who has filed a civil action against the FBI and Billy G's. (Docket No. 1 at 1). He asserts that the Court has federal question jurisdiction due to "racial targeting," "negligence," "discrimination," "color of law," "wiretapping without a warrant," and "hate crime." (Docket No. 1 at 3). Plaintiff also claims the existence of diversity jurisdiction. (Docket No. 1 at 3, 5).

In the "Statement of Claim," plaintiff asserts that on April 4, 2022, he found out that his "phone was wiretapped when [he] contact[ed] Apple." (Docket No. 1 at 6). He claims he "was getting followed at the time" by "fed informants." Plaintiff states that he "knew the feds [were] behind all of this when [he] was getting denied legal help." He asserts that he kept losing jobs because he kept "finding out that it was fed informants pretending to be co-workers and managers," and that he has proof. According to plaintiff, this proof consists of the fact that every time he takes "a day off or get[s] wrongfully [fired] the people…pretending to be [his] workers disappear." He asserts that "they do the same communication codes as the place where it all started."

Plaintiff states that these events started in June 2021, when he worked at Billy G's. (Docket No. 1-1 at 1). While there, he alleges that the FBI violated his rights under the First and Fourth Amendments by "using tech tools to racially [target him] and using mass surveillance to try to ruin jobs and…make [him] go homeless." Plaintiff states that he "exposed fake coworkers/undercover fed informants" on "more than one occasion at every job" he has had. He believes that the "feds" have accessed his "private stuff and personal stuff by using [stingray][1] devices," and that it has "informants in [his] apartment."

In addition to the surveillance, plaintiff insinuates that the FBI had something to do with "an awful car crash" that almost killed him. He further states that Billy G's is "a racist shady company" that "owns a lot of [businesses] in St. Louis," and that it is "trying to ruin [his] life." Plaintiff notes that he has been accused of "selling drugs or something," but that it was actually his coworkers at Billy G's doing the selling, and that they have kept their jobs. (Docket No. 1-1 at 2).

---

[1] A Stingray device is an electronic surveillance tool that can be used to locate a person's cellphone. *See United States v. Taylor*, 2022 WL 3636860, at *7 (E.D. Mo. 2022).

3

Based on these facts, plaintiff states that he has been racially targeted and that someone has messed with his car. (Docket No. 1 at 6). He is seeking $15 million in damages and to be taken off the "targeting program."

**Discussion**

Plaintiff is a self-represented litigant who is suing the FBI and Billy G's for racially-targeted surveillance. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this case without prejudice.

**A.  Lack of Subject Matter Jurisdiction**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). "Subject matter jurisdiction can never be waived or forfeited." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022).

Because jurisdiction is a threshold requirement, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976,

4

982 (8ᵗʰ Cir. 2009). *See also City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8ᵗʰ

Cir. 2010) ("Federal courts have an independent duty to determine subject matter jurisdiction, even

where the matter is raised for the first time on appeal and on the court's own motion"). The burden

of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. &*

*Urban Dev.*, 235 F.3d 1109, 1112 (8ᵗʰ Cir. 2000). *See also Magee v. United States*, 9 F.4ᵗʰ 675,

680 (8ᵗʰ Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with

the party invoking federal jurisdiction").

### i.      Lack of Jurisdiction for Claim Against FBI

The Court lacks jurisdiction over plaintiff's claim against the FBI because the FBI is

immune from suit. "Generally, sovereign immunity prevents the United States from being sued

without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8ᵗʰ Cir. 2020). *See also Hinsley*

*v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8ᵗʰ Cir. 2008) (stating that "[i]t is

well settled that the United States may not be sued without its consent"). "Sovereign immunity is

jurisdictional in nature," and "shields the Federal Government and its agencies from suit." *F.D.I.C.*

*v. Meyer*, 510 U.S. 471, 475 (1994). *See also Hutchinson v. United States*, 71 F.4ᵗʰ 1115, 1117 (8ᵗʰ

Cir. 2023) (affirming district court dismissal of claim against Air Force for lack of subject matter

jurisdiction, explaining that "[t]he jurisdictional rule in play is sovereign immunity, which shields

the federal government and its agencies from suit"); and *Lors v. Dean*, 746 F.3d 857, 861 (8ᵗʰ Cir.

2014) (stating that "sovereign immunity is a jurisdictional threshold matter").

In order to sue the United States, a plaintiff must show a waiver of sovereign immunity.

*See V S Ltd. Partnership*, 235 F.3d at 1112. *See also Great Rivers Habitat Alliance v. Federal*

*Emergency Management Agency*, 615 F.3d 985, 988 (8ᵗʰ Cir. 2010) (explaining that the United

States and its agencies enjoy "immunity from suit, absent a waiver"). Such a waiver must be

"unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied").

The Court notes that plaintiff has not alleged any waiver of sovereign immunity in this case. However, plaintiff's claim against the FBI – in which he vaguely alleges the violation of his constitutional rights – appears to be an attempt at a *Bivens* action. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389, 397 (1971). In *Bivens* and its progeny, the Supreme Court has recognized a damages remedy against federal officers who have violated the Fourth, Fifth, or Eighth Amendments. *See Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854-55 (2017).

Even construing this case as arising under *Bivens*, however, does not benefit plaintiff. Specifically, "[i]t is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). *See also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (explaining that a federal prisoner in a Bureau of Prisons facility could allege a constitutional violation against an individual officer, but could "not bring a *Bivens* claim against the officer's employer, the United States, or the BOP"); *Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000) (stating that a "*Bivens* action cannot be prosecuted against United States because of sovereign immunity"); and *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny does not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials").

In this case, sovereign immunity protects the United States and its agencies from suit in federal court. Therefore, the FBI is immune unless the United States has unequivocally waived its immunity. There is no indication of a waiver here. To the contrary, plaintiff's allegations are analogous to a *Bivens* action. As discussed above, however, *Bivens* does not waive the immunity of the United States. Because immunity is a jurisdictional threshold, the Court must dismiss the claim against the FBI for lack of subject matter jurisdiction.

### ii.     Lack of Jurisdiction for Claim Against Billy G's

As noted above, plaintiff has the burden of establishing subject matter jurisdiction. Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). In this case, plaintiff has not demonstrated that either type of jurisdiction is present with regard to his claim against Billy G's.

### a.   Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d

748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

In this case, it appears that Billy G's is a private business where plaintiff worked for a period of time. There is absolutely no indication that federal law creates a cause of action against Billy G's, or that his right to relief against Billy G's depends on the resolution of a substantial question of federal law. Giving the complaint the most liberal of constructions, it appears that plaintiff may be trying to bring a 42 U.S.C. § 1983 claim against the business for the violation of his civil rights. A claim brought pursuant to § 1983 "arises under federal law and will support federal-question jurisdiction pursuant to [28 U.S.C.] § 1331." *Convent Corp. v. City of North Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015). There are no allegations, however, that Billy G's acted under color of state law. As it is not acting under color of law, § 1983 is inapplicable. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and

*Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

For these reasons, plaintiff has failed to carry his burden of demonstrating the existence of federal question jurisdiction for his claim against Billy G's.

### b. Diversity Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Subject matter jurisdiction premised upon diversity of citizenship is measured by "the state of facts that existed at the time of filing." *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id. See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

As to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship "requires an individual's physical presence in the state coupled with an

indefinite intention there to remain." *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986). "Once an individual has established his state citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship." *Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017).

In this case, plaintiff has alleged damages in excess of the jurisdictional threshold. Nevertheless, he has failed to demonstrate the diversity of the parties. More particularly, plaintiff asserts that he is a citizen of Missouri, while Billy G's is a business located in Kirkwood, Missouri. As both plaintiff and Billy G's are apparently Missouri citizens, diversity jurisdiction is not present. Therefore, plaintiff has failed to carry his burden that diversity jurisdiction exists.

### iii.     Dismissal for Lack of Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold inquiry in every federal court, and cannot be waived. *See Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021). Plaintiff bears the burden of properly asserting the Court's jurisdiction. *See Two Eagle v. United States*, 57 F.4[th] 616, 620 (8th Cir. 2023) ("The plaintiff bears the burden to establish subject-matter jurisdiction"). If the Court determines – at any time – that it lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). As discussed above, plaintiff has failed to carry his burden of demonstrating that the Court has subject matter jurisdiction over his claims against the FBI and Billy G's. Therefore, the case must be dismissed.

### B.  Failure to State a Claim

Even if the Court had subject matter jurisdiction, plaintiff has failed to state a claim. Under the Federal Rules of Civil Procedure, plaintiff is required to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported

conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Furthermore, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017).

Here, plaintiff has failed to state a plausible claim for relief. His allegations, such as they are, consist of a bizarre series of unsupported assertions and vague statements, sprinkled with legal conclusions. At no point does plaintiff make any attempt to actually allege what either defendant did or did not do to harm him. In short, plaintiff has entirely failed to state a claim sufficient to pass initial review under 28 U.S.C. § 1915. Therefore, for this reason as well, the case must be dismissed.

## C. Frivolousness

Plaintiff's complaint is also subject to dismissal on the basis of frivolity. Pursuant to 28 U.S.C. § 1915, a court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such a dismissal encompasses allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

To the extent that plaintiff's complaint can be comprehended at all, it appears that he is accusing defendants of being responsible for turning all of plaintiff's coworkers into federal informants. These informers then take various unexplained actions to get him fired, to mess with

his car, and to mess with his apartment. Allegations such as these are fanciful, fantastic, and delusional. *See Sikora v. Houston*, 162 F.3d 1165, 1998 WL 390444, at \*1 (8th Cir. 1998) (unpublished opinion) (affirming district court dismissal of complaint as "delusional and therefore frivolous" where plaintiff alleged the "use of electro staticmagnetic pressure field devices that surround his body in pressure fields of varying degrees and frequencies" and that "caused him to suffer various physical problems"); and *Owens-El v. United States*, 2 Fed. Appx. 652, 658 (8th Cir. 2001) (stating that plaintiff's allegations that the United States Parole Commission, the Federal Bureau of Prisons, and the Federal Bureau of Investigation conspired to conceal the fact that plaintiff might be able to have a prior conviction overturned was frivolous and subject to preservice dismissal). Therefore, plaintiff's claim is subject to dismissal on this basis as well.[2]

### D.  Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this case is being dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3); and 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

---

[2] The Court notes that plaintiff filed a similar case in the United States District Court for the Eastern District of Missouri that was dismissed for frivolity. *See Harry v. Allios/Nexius, et al.*, No. 4:23-cv-382-SPM (E.D. Mo. Mar. 29, 2023). In that case, plaintiff alleged that his phones had "been wiretapped," that he was surrounded by "fake worker[s]," and that various individuals were "messing with [his] car." On June 29, 2023, the Court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B), finding that his claims were baseless.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 12(h)(3); and 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 24th day of  August, 2023.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE